```
                    IN THE UNITED STATES DISTRICT COURT

                         FOR THE DISTRICT OF HAWAII

THE ESTATE OF FAITH ROGERS;    )    CIVIL NO. 10-00482 SOM/RLP
and MICHELLE ROGERS,           )
                               )
               Plaintiff,      )    ORDER DENYING "MOTION FOR
                               )    SUMMARY JUDGMENT" THAT, BY
          vs.                  )    AGREEMENT OF THE PARTIES, IS
                               )    BEING CONSIDERED A MOTION FOR
AMERICAN RELIABLE INSURANCE    )    JUDGMENT ON THE PLEADINGS
COMPANY,                       )
                               )
               Defendant.      )
_____)
```

           ORDER DENYING "MOTION FOR SUMMARY JUDGMENT" THAT,
                     BY AGREEMENT OF THE PARTIES,
        IS BEING CONSIDERED A MOTION FOR JUDGMENT ON THE PLEADINGS

I.     INTRODUCTION.

       This is an action involving insurance coverage. The action was removed from state court based on diversity of citizenship. The case arises out of the drowning death of two-year-old Faith Rogers in a condominium pool. Rogers allegedly wandered into the pool enclosure of the Maluna Kai Estates through an open, malfunctioning gate.

       In 2007, Faith's estate and Faith's mother sued the condominium association and several individuals who were members of the board of the condominium association and owners of condominium units, including Kent D. Knowley. Knowley tendered the defense of the action to his homeowner's insurance carrier, American Reliable Insurance Company ("ARIC"), which denied

coverage.  However, the condominium association's insurance carrier, Great Divide Insurance Company ("GDIC"), provided Knowley with a defense.  GDIC paid a settlement amount that included $200,000 to settle the claims against Knowley.  As part of the settlement, GDIC assigned to Faith Rogers's estate and her mother, Michelle Rogers, rights to contribution from ARIC toward the amount paid on Knowley's behalf.  The estate and mother now sue ARIC, seeking contribution to the attorneys' fees incurred in defending Knowley and the settlement amount.

On May 13, 2011, ARIC filed a motion for summary judgment.  Because ARIC submits no evidence in support of its motion, the motion is more properly analyzed as a motion for judgment on the pleadings.  At the hearing on the motion, the parties agreed that the court should construe the motion as one under Rule 12(c) of the Federal Rules of Civil Procedure.  Because the Complaint possibly states a claim on which relief can be based, the motion is denied.

II.     RULE 12(c) STANDARD.

Rule 12(c) states, "After the pleadings are closed--but early enough not to delay trial--a party may move for judgment on the pleadings."  The standard governing a Rule 12(c) motion for judgment on the pleadings is "functionally identical" to that governing a Rule 12(b)(6) motion.  United States ex rel. Caffaso v. Gen. Dynamics C4 Sys., Inc., 637 F.3d 1047, 1054 n.4 (9th Cir.

2

2011). For a Rule 12(c) motion, the allegations of the nonmoving party are accepted as true, while the allegations of the moving party that have been denied are assumed to be false. See Hal Roach Studios v. Richard Feiner & Co., Inc., 896 F.2d 1542, 1550 (9th Cir. 1989). A court evaluating a Rule 12(c) motion must construe factual allegations in a complaint in the light most favorable to the nonmoving party. Fleming v. Pickard, 581 F.3d 922, 925 (9th Cir. 2009). "Judgment on the pleadings under Rule 12(c) is proper when the moving party establishes on the face of the pleadings that there is no material issue of fact and that the moving party is entitled to judgment as a matter of law." Jensen Family Farms, Inc. v. Monterey Bay Unified Air Pollution Control Dist., __ F.3d __, 2011 WL 2090829, *2 n.1 (9th Cir. May 27, 2011).

Generally, when matters outside the pleadings are considered, a motion for judgment on the pleadings must be considered as one for summary judgment under Rule 56 of the Federal Rules of Civil Procedure. See Fed. R. Civ. P. 12(d). Courts have held, however, that, when adjudicating a Rule 12(c) motion, courts may consider matters subject to judicial notice without converting the motion to one for summary judgment. See Heliotrope Gen., Inc. v. Ford Motor Co., 189 F.3d 971, 981 n.18 (9th Cir. 1999) ("When considering a motion for judgment on the pleadings, this court may consider facts that are contained in

materials of which the court may take judicial notice." (quotations omitted)); accord Lacondequy v. Adapa, 2011 WL 9572, *2 (E.D. Cal. Jan. 3, 2011); Williams v. City of Antioch, 2010 WL 3632199, *2 (N.D. Cal. Sept. 2, 2010).

III.     BACKGROUND.

On July 14, 2005, two-year-old Faith Rogers drowned in a pool located in the Maluna Kai Estates. On July 13, 2007, Faith's estate and Faith's mother, Michelle Rogers, filed a complaint in this court against the association of apartment owners ("AOAO") of Maluna Kai Estates, Kent Knowley, and others. See Tort Complaint, Civ. No. 07-00373 HG/KSC. At the hearing on the present motion, the parties agreed that, in ruling on the Rule 12(c) motion, the court could consider the allegations made in 2007 in the underlying tort case. The court therefore takes judicial notice of that tort complaint and its allegations.

The underlying tort complaint alleges that Knowley was the president of the AOAO Maluna Kai Estates and the owner of a unit in that condominium project. See id. ¶ 4. The tort complaint alleges that Faith drowned in the Maluna Kai Estates swimming pool. Id. ¶ 12. The pool was surrounded by a rock wall. According to the tort complaint, Faith entered the pool area through a broken gate. Id. ¶¶ 15-24. The tort complaint alleges that Knowley had agreed to fix the gate but failed to do so. Id. ¶ 29. In relevant part, the tort complaint asserts that

4

Knowley was negligent in failing to secure the pool in a manner that would have prevented small children from entering the pool area without adult supervision.  Id. ¶¶ 28, 33, 35, 36.  It also alleges that Knowley had a duty to avoid having an attractive nuisance on Maluna Kai Estate property.  Id. ¶ 33.  The tort complaint sought damages from the AOAO Maluna Kai Estates, Knowley, and other defendants, asserting causes of action for negligence, wrongful death, loss of consortium, and negligent infliction of emotional distress.

The present coverage complaint alleges that the AOAO Maluna Kai Estates had an insurance policy with GDIC.  See Complaint ¶ 17, Civ. No. 10-00482 SOM/RLP.  Pursuant to this policy, GDIC defended the condominium association, Knowley, and others against the claims asserted in the underlying tort complaint.  Id. ¶ 17.  At some point, Knowley tendered the defense of the underlying tort complaint to his homeowner's insurance carrier, ARIC.  Id. ¶ 15.

Knowley's "Owners', Landlords', and Tenants' Liability Policy," Number FIR078144 03, which the parties agreed this court could consider in ruling on this motion, provides that ARIC

> will pay on behalf of the insured all sums
> which the insured shall become legally
> obligated to pay as damages because of:
> A. **bodily injury** or
> B. **property damage**
> to which this insurance applied and caused by
> an **occurrence** [defined later in the policy as
> an "accident"] and arising out of the

>               ownership, maintenance, or use of the **insured premises** and all operations necessary or incidental thereto, and the company shall have the right and duty to defend any suit against the Insured seeking damages on account of such **bodily injury** or **property damage**, even if any of the allegations of the suit are groundless, false, or fraudulent and may make such investigation and settlement of any claim or suit as it deems expedient . . .

Policy Number FIR078144 03 ¶ I. The policy excludes from coverage "**bodily injury** or **property damage** arising out of operations on or from premises (other than the insured premises) owned by, rented to or controlled by the **named insured**, or to liability assumed by the **insured** under any contract or agreement relating to such premises." Id., Exclusion (q).

On September 5, 2008, ARIC denied coverage. See Tort Complaint ¶ 16, Civ. No. 07-00373 HG/KSC. Plaintiffs settled the underlying tort complaint. As part of the settlement, GDIC paid $200,000 to release the claims against Knowley. Id. ¶¶ 18-19. GDIC also assigned its rights to equitable contribution to Plaintiffs. Id. ¶ 22. Plaintiffs are now seeking to have ARIC equitably contribute towards the defense and settlement of claims against Knowley with respect to the 2007 action.

IV.   ANALYSIS.

  A.   General Law Governing Insurance Contracts.

Federal courts sitting in diversity apply state substantive law and federal procedural law. See Mason & Dixon Intermodal, Inc. v. Lapmaster Int'l LLC, 632 F.3d 1056, 1060 (9th

Cir. 2011) ("When a district court sits in diversity, or hears state law claims based on supplemental jurisdiction, the court applies state substantive law to the state law claims."); Zamani v. Carnes, 491 F.3d 990, 995 (9th Cir. 2007) ("Federal courts sitting in diversity jurisdiction apply state substantive law and federal procedural law." (quotations omitted)).  When interpreting state law, a federal court is bound by the decisions of a state's highest court.  Trishan Air, Inc. v. Fed. Ins. Co., 635 F.3d 422, 427 (9th Cir. 2011).  In the absence of a governing state decision, a federal court attempts to predict how the highest state court would decide the issue, using intermediate appellate court decisions, decisions from other jurisdictions, statutes, treatises, and restatements as guidance.  Id.; see also Burlington Ins. Co. v. Oceanic Design & Constr., Inc., 383 F.3d 940, 944 (9th Cir. 2004) ("To the extent this case raises issues of first impression, our court, sitting in diversity, must use its best judgment to predict how the Hawaii Supreme Court would decide the issue." (quotation and brackets omitted)).

Under Hawaii law, general rules of contract construction apply to the interpretation of insurance contracts.  Guajardo v. AIG Haw. Ins. Co., 118 Haw. 196, 203, 187 P.3d 580, 587 (2008); Dawes v. First Ins. Co. of Haw., 77 Haw. 117, 121, 883 P.2d 38, 42 (1994).  Hawaii law requires that an insurance policy be read as a whole and its terms construed in accordance

7

with their plain, ordinary, and accepted sense in common speech, unless it appears that a different meaning is intended. Guajardo, 118 Haw. at 203, 187 P.3d at 587; Dawes, 77 Haw. at 121, 883 P.2d at 42; First Ins. Co. of Haw. v. State, 66 Haw. 413, 423, 665 P.2d 648, 655 (Haw. 1983); see also Haw. Rev. Stat. § 431:10-237 (Michie 2011) ("Every insurance contract shall be construed according to the entirety of its terms and conditions as set forth in the policy, and as amplified, extended, restricted, or modified by any rider, endorsement or application attached to and made a part of the policy.").

Because insurance contracts are contracts of adhesion, they must be construed liberally in favor of the insured, and any ambiguity must be resolved against the insurer. Put another way, the rule is that policies are to be construed in accordance with the reasonable expectations of a layperson. Guajardo, 118 Haw. at 203, 187 P.3d at 587; Dawes, 77 Haw. at 131, 883 P.2d at 42.

The burden is on the insured to establish coverage under an insurance policy. See Sentinel Ins. Co. v. First Ins. Co. of Haw., 76 Haw. 277, 291 n.13, 875 P.2d 894, 909 n.13 (1994) (as amended on grant of reconsideration); Crawley v. State Farm Mut. Auto. Ins. Co., 90 Haw. 478, 483, 979 P.2d 74, 79 (App. 1999). The insurer has the burden of establishing the applicability of an exclusion. See Sentinel, 76 Haw. at 297, 875 P.2d at 914.

The duty to indemnify is owed "for any loss or injury which comes within the coverage provisions of the policy, provided it is not removed from coverage by a policy exclusion." Dairy Road Partners v. Island Ins., 92 Haw. 398, 413, 922 P.2d 93, 108 (2000). The obligation to defend an insured is broader than the duty to indemnify. The duty to defend arises when there is any potential or possibility for coverage. Sentinel, 76 Haw. at 287, 875 P.2d at 904; accord Haole v. State, 111 Haw. 144, 151, 140 P.3d 377, 384 (2006) ("if there is no potential for indemnification, then no duty to defend will arise"). However, when the pleadings fail to allege any basis for recovery under an insurance policy, the insurer has no duty to defend. Pancakes of Hawaii, Inc. v. Pomare Props. Corp., 85 Haw. 286, 291, 994 P.2d 83, 88 (Haw. Ct. App. 1997)). In other words, for ARIC to have no duty to defend, it must prove that it would be impossible for a claim in the underlying lawsuit to be covered by the policy. See Tri-S Corp. v. W. World Ins. Co., 110 Haw. 473, 488, 135 P.3d 82, 97 (2006).

"Hawaii adheres to the 'complaint allegation rule.'" Burlington Ins. Co., 383 F.3d at 944. Under that rule,

> The focus is on the alleged claims and facts. The duty to defend "is limited to situations where the pleadings have alleged claims for relief which fall within the terms for coverage of the insurance contract. 'Where pleadings fail to allege any basis for recovery within the coverage clause, the insurer has no obligation to defend.'"

9

Id. at 944-45 (citing Hawaiian Holiday Macadamia Nut Co. v. Indus. Indem. Co., 76 Haw. 166, 872 P.2d 230)). The Hawaii Supreme Court has cautioned, however, that courts should carefully examine the allegations of a complaint to ensure that the plaintiffs are not, through artful pleading, bootstrapping themselves to obtain insurance coverage by purporting to assert claims of negligence based on facts that reflect intentional, rather than negligent conduct. Dairy Road Partners, 92 Haw. at 417, 992 P.2d at 112; Group Builders, Inc. v. Admiral Ins. Co., 123 Haw. 142, 147, 231 P.3d 67, 72 (App. 2010).

    B.    ARIC's Duty to Defend or Indemnify.

ARIC contends that it did not owe a duty to defend or indemnify Knowley with respect to Plaintiffs' claims because Faith's "bodily injury" did not occur on the "insured premises." ARIC essentially argues that, because the pool in which Rogers drowned was a condominium common element and not part of Knowley's unit, which ARIC says is the "insured premises," the insurance policy it issued to Knowley does not provide coverage for the underlying tort suit. ARIC also contends that coverage is barred by an exclusionary provision. On the present record, ARIC is not convincing.

Although ARIC argues that the "insured premises" is only Knowley's unit and that insurance coverage did not extend to the pool, that fact is not readily apparent from the policy. In

10

relevant part, the policy defines "Insured premises" as "the premises designated in the declarations." See Policy Number FIR078144 03, Additional Definition. The Declarations Page describes the property as:

> ON APPROVED ROOF, 1 FAMILY, FRAME, TENANT OCCUPIED
> LOCATION: [REDACTED] L HONOAPIILANI HWY
> LAHAINA HI 96761

ECF No. 16-3 at Page ID 110. The policy also defines "insured premises" as including "the ways immediately adjoining [the insured premises]." Id. at PAGE ID 112. This description, without further explanation, does not clearly exclude the pool as part of the covered property. ARIC may well be able to demonstrate on a fuller record that its policy does not apply to accidents occurring at the pool because the pool is not part of the "insured premises." However, ARIC has not sufficiently demonstrated that fact, as it merely asserts that the pool is not part of the "insured premises." On the present Rule 12(c) motion, the court may not make assumptions and is instead limited to liberally construing the allegations contained in the Complaint in favor of Plaintiffs.

Moreover, read in the light most favorable to Plaintiffs, the underlying tort complaint did not merely allege that Faith drowned in a common element of the association. It also alleged that Knowley, as a homeowner, had agreed to fix the gate to the pool that was centrally located in the condominium

11

property.  See 2007 Tort Complaint ¶ 12, 13, 29.  That complaint alleged that, because of Knowley's negligence in failing to fix the gate, Faith drowned.  See id. ¶ 12, 28.  Read liberally, these allegations may fall within the policy language providing coverage for accidents "arising out of the ownership, maintenance, or use of the **insured premises** and all operations necessary or incidental thereto."  Knowley's alleged agreement in his capacity as a homeowner might potentially fall within the policy's language that coverage would be provided for "all operations necessary or incidental" to ownership, maintenance, or use of the insured premises.  Conceivably, Knowley's failure to fix the pool gate may have been incidental to his ownership, maintenance, or use of the insured property--Knowley's apartment and possibly the pool.  The policy requires ARIC to defend Knowley "even if any of the allegations of the suit are groundless, false, or fraudulent."  It may well be that, if Knowley did agree to fix the gate, he did so as president of the homeowners' association, not as a homeowner.  It may also be that the pool was not part of the insured premises.  However this court, when evaluating a Rule 12(c) motion, must accept the factual allegations of the underlying tort complaint as true and construe them in the light most favorable to Plaintiffs.  At this point, ARIC has not established that the pool, as a matter of law, is not part of the insured premises and that no factual

disputes relating to that issue must be resolved.  Judgment on the pleading is therefore not appropriate under the circumstances presented here.

On this Rule 12(c) motion, the court is also not persuaded that coverage is excluded by Exclusion (q).  Under Exclusion (q), coverage is excluded for bodily injury "arising out of operations on or from premises (other than the insured premises) owned by, rented to or controlled by the named insured."  As discussed above, when the underlying tort complaint is read in the light most favorable to Plaintiffs, it is not clear whether the pool falls within or outside the "insured premises," as described in the declarations page.  It is also not clear whether the gate to the pool was part of the "ways" immediately adjoining Knowley's property.

Because ARIC fails to establish that it would be impossible for coverage to apply under a liberal reading of the allegations contained in the tort complaint, ARIC's Rule 12(c) motion is denied, without prejudice to the timely filing of a subsequent motion on a fuller record.

V.      CONCLUSION.

As ARIC fails to establish that, as a matter of law, there was no tort claim with respect to which it had a duty to defend or indemnify, its motion is denied.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, July 8, 2011.



/s/ Susan Oki Mollway
Susan Oki Mollway
United States District Judge

The Estate of Faith Rogers, et al. v. Am. Reliable Ins. Co., CIVIL NO. 10-00482 SOM/RLP; ORDER DENYING "MOTION FOR SUMMARY JUDGMENT" THAT, BY AGREEMENT OF THE PARTIES, IS BEING CONSIDERED A MOTION FOR JUDGMENT ON THE PLEADINGS